IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-01285-RBJ

TAMARA DAVIES, as personal representative of the Estate of James Davies,

    Plaintiff,

v.

THE CITY OF LAKEWOOD, COLORADO, and its Police Department;
AGENT DELVANEY (D.J.) BRALEY, in his official and individual capacities;
POLICE CHIEF KEVIN PALETTA, in his official and individual capacities;
SERGEANT MICHELLE CURRENT, in her official and individual capacities;
JOHN AND JANE DOES 1-5, current and former employees of the Lakewood Police
Department, in their official and individual capacities,

    Defendants.

## ORDER

During a Telephone Discovery Hearing on December 10, 2014, the parties informed the Court of a dispute surrounding the deposition of Agent Braley. Plaintiff seeks to have Agent Braley demonstrate the actions he took on the night of November 9, 2012 at a mock-up of the scene of the shooting created by plaintiff's expert. As explained below, the Court denies this request.

"[I]n every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Furthermore, district courts are given broad discretion to oversee the discovery process. *See id*. Under Federal Rule of Civil Procedure 26(b)(2)(C)(iii), a court must limit the extent of discovery if it determines that "the burden or expense of the

1

proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." "Courts have considerable discretion when applying the principles set out in Rule 26(b)(2)(C)." *Ast v. BNSF Ry. Co.*, No. 09-2519-EFM/DWB, 2011 WL 5080256, at *2 (D. Kan. Oct. 25, 2011).

Here, the Court finds that asking Agent Braley to demonstrate his earlier actions at a mock-up of the scene of the shooting would impose a burden that outweighs the likely benefit of such a demonstration. Plaintiff's proposed demonstration would require the officer to relive what must be the most traumatic and tragic incident of his life, imposing a heavy emotional burden. Furthermore, it is all but impossible to recreate exactly an incident that occurred quite some time ago, and the plaintiff's attorneys can discover essentially the same information through traditional questioning. Among the considerations listed in Rule 26(b)(2)(C)(iii), the needs of the case are most relevant here; the Court believes that plaintiff's suggested demonstration does little to serve the needs present in this case. For these reasons, the Court finds that the burden of the demonstration would outweigh its likely benefit and thus orders that the demonstration not take place at Agent Braley's deposition.

DATED this 7th day of January, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge